793 So.2d 1038 (2001)
Jeanne ELDERS Dewaard and Ronald Dewaard, Appellants,
v.
THE UNITED METHODIST CHURCH, by and through its Florida Conference, St. John's on the Lake United Methodist Church, James F. Jennings, David T. Brewer and Lex Rivers, Appellees.
No. 3D98-2701.
District Court of Appeal of Florida, Third District.
July 18, 2001.
Rehearing Denied September 7, 2001.
*1039 Roy D. Wasson, Miami, for appellants.
Sellars, Marion & Bachi and Bard D. Rockenbach and Daniel M. Bachi, West Palm Beach; Rumberger, Kirk & Caldwell and Lori A. Brown and George N. Meros, Jr., and Chanta G. Hundley, Tallahassee, for appellees.
Before COPE, SHEVIN and SORONDO, JJ.
COPE, J.
Jeanne Elders Dewaard and Ronald Dewaard appeal an order dismissing their negligence action with prejudice. We affirm in part and reverse in part.

I.
The Dewaards attended the St. John's on the Lake United Methodist Church ("St. John's") where Mrs. Dewaard sought marital counseling from the minister, Lex Rivers. The plaintiffs allege that Pastor Rivers induced Mrs. Dewaard into a sexual relationship with him, in breach of the duty a counselor owes to one who is being counseled.
The plaintiffs brought suit against Pastor Rivers, who has resigned his position with St. John's. Those claims remain pending in the trial court and are not part of this appeal.
The plaintiffs also sued St. John's, the Florida Conference of the United Methodist Church ("the Florida Conference"), District Superintendent David T. Brewer, and his successor as District Superintendent, James F. Jennings (collectively, the "church defendants"). Mrs. Dewaard alleged negligence and other torts by the church defendants. Mr. Dewaard sued for loss of consortium.
The trial court dismissed the second amended complaint with prejudice as to the church defendants, and the plaintiffs have appealed.

II.
The church defendants' main argument for dismissal was based on the First Amendment to the United States Constitution. *1040 The church defendants contended that to allow the action to proceed would create an impermissible entanglement of secular courts with protected religious doctrine. Although the trial court did not have the benefit of it during the proceedings below, this court has since rejected the First Amendment argument in Doe v. Malicki, 771 So.2d 545 (Fla. 3d DCA 2000), review granted No. SC01-179, 790 So.2d 1105 (Fla. April 25, 2001). Consequently, the dismissal cannot be sustained on a First Amendment theory.
The church defendants have offered alternative arguments for affirmance of the dismissal order. We next consider those arguments.

III.
The plaintiffs allege that the Florida Conference, District Superintendent James F. Jennings, and his predecessor, District Superintendent David T. Brewer, were negligent in their supervision of Pastor Rivers.
"The United Methodist Church is organized in a hierarchical fashion. The Conference is its state-level organizational body." The Wisconsin Conference Board of Trustees of the United Methodist Church v. Culver, 243 Wis.2d 394, 627 N.W.2d 469, ¶ 7 (2001). St. John's is a member of the Florida Conference of the United Methodist Church.
The Florida Conference is divided into districts, each district being under the supervision of a District Superintendent. According to the second amended complaint, the District Superintendent has supervisory authority over Pastor Rivers and St. John's. The District Superintendent has the power to appoint, supervise, and remove local ministers, including Pastor Rivers. The local church, St. John's, made an annual recommendation to the District Superintendent regarding whether Pastor Rivers should be retained in his position, but the actual decision-making power was vested in the District Superintendent.
The plaintiffs allege that prior to Mrs. Dewaard's counseling sessions in 1996, other church members had for several years made complaints to District Superintendent Brewer, and later to his successor, District Superintendent Jennings, that Pastor Rivers was engaging in inappropriate sexual conduct with members of his congregation. The plaintiffs say that the respective District Superintendents and Florida Conference failed to take appropriate supervisory action to see that Pastor Rivers' inappropriate behavior ceased.
Under this court's decision in Doe v. Malicki, the claims of active negligence on the part of District Superintendents Brewer and Jennings and the Florida Conference state a cause of action. Doe, 771 So.2d at 547-48. "The issue to be determined by the court, therefore, is whether the defendants had reason to know of [the pastor's] misconduct and did nothing to prevent reasonably foreseeable harm from being inflicted upon the plaintiffs." Id. at 548. We reverse the dismissal order with respect to these claims.

IV.
The plaintiffs allege that the local church, St. John's, was also actively negligent. The plaintiffs acknowledge that St. John's did not have the power to hire, supervise, or fire Pastor Rivers. The plaintiffs also acknowledge that the role of St. John's was confined to making a recommendation to the District Superintendent each year regarding whether Pastor Rivers should be retained in his position. This was a recommendation which would come from the lay members of the congregation, or a church committee appointed for that purpose.
The plaintiffs argue that since the church membership was responsible for *1041 making a recommendation each year, the membership should have undertaken a more thorough review of the way in which Pastor Rivers was performing his responsibilities. Plaintiffs claim that if members of the congregation had been more active in this regard, then they would have turned up information about Pastor Rivers' alleged misconduct during counseling sessions and would have, in turn, rendered a negative recommendation to the District Superintendent.
Because the power of supervision was vested in the District Superintendent, not in the congregation, we conclude that there was no duty on the part of St. John's to exercise supervisory power it did not have. Further, we decline to impose a burden of investigation in these circumstances on lay members of a church congregation. We affirm the dismissal order on this claim.

V.
The plaintiffs seek to hold all of the church defendants vicariously liable for the acts of Pastor Rivers. The plaintiffs invoke the doctrine of respondeat superior.
We conclude that there is no respondeat superior liability for the alleged sexual misconduct by Pastor Rivers. As a matter of common sense, having sexual relations with a counselee is not part of the job responsibilities of a minister. Iglesia Cristiana La Casa Del Señor, Inc. v. L.M., 783 So.2d 353, 356-57 (Fla. 3d DCA 2001). Plainly the sexual conduct alleged by plaintiffs was for the personal motives of the pastor, and not designed to further the interests of the church. Id.
We recognize that a respondeat superior claim against a church was one of the three claims reversed in Doe v. Malicki, 771 So.2d at 546. However, the sole issue under consideration in that case was whether the First Amendment precluded maintaining the lawsuit. Id. The question whether the respondeat superior claim stated a cause of action was nowhere considered.[*]
We affirm the dismissal of the respondeat superior claims.

VI.
The trial court dismissed the count for breach of fiduciary duty against the Florida Conference, St. John's, and District Superintendent Jennings. We affirm that ruling.
Some jurisdictions hold that when a pastor undertakes a counseling relationship with a church member, the parties have thereby entered into a fiduciary relationship. F.G. v. MacDonell, 150 N.J. 550, 696 A.2d 697, 703-04 (1997). "Several jurisdictions have recognized that a clergyman's sexual misconduct with a parishioner constitutes a breach of a fiduciary relationship." Id. at 704 (citations omitted).
There is an opposing view that it is inappropriate "to allow a cause of action for breach of fiduciary duty in the context of interpersonal relationships," namely, in the context of pastoral counseling. Teadt v. St. John's Evangelical Lutheran Church, 237 Mich.App. 567, 603 N.W.2d 816, 823 (Mich.Ct.App.1999).
As pled here, the plaintiffs have reiterated their negligence claims under the heading of breach of fiduciary duty. We follow the Teadt decision and decline to recognize a claim for breach of fiduciary duty in this context. Given that the plaintiffs will be able to pursue their claims for breach of *1042 duty under the heading of negligence, the claims for breach of fiduciary duty are redundant.

VII.
The trial court dismissed the claim for intentional infliction of emotional distress against the Florida Conference, St. John's, and District Superintendent Jennings. In order to state a claim, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277, 278, 279 (Fla.1985) (citation omitted). With regard to the church defendants, the plaintiffs' allegations boil down to a claim of negligent failure to supervise Pastor Rivers. This is legally insufficient to establish a claim for intentional infliction of emotional distress. Id.; Doe v. Evans, 718 So.2d 286, 293-94 (Fla. 4th DCA 1998), review granted, 735 So.2d 1284 (Fla.1999).
Plaintiffs also alleged a claim for negligent infliction of emotional distress. In this count, the plaintiffs stated that Mrs. Dewaard suffered severe emotional distress as a result of the unwanted touching by Pastor Rivers.
The plaintiffs do not allege any active conduct on the part of St. John's or the Florida Conference which inflicted emotional distress on Mrs. Dewaard. In substance, this count seeks to impose vicarious liability on St. John's and the Florida Conference for the acts of Pastor Rivers. As we have concluded that there is no respondeat superior liability for the church defendants, we affirm the dismissal of this count.

VIII.
The trial court dismissed plaintiffs' common-law fraud claim against St. John's and the Florida Conference. In order to state a claim for fraudulent misrepresentation the plaintiffs must allege "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." Johnson v. Davis, 480 So.2d 625, 627 (Fla.1985) (citation omitted). It is the responsibility of the plaintiffs to plead fraud with particularity. Fla. R. Civ. P. 1.110(b).
The plaintiffs have not set forth any specific statement made by the Florida Conference or St. John's to the plaintiffs. The plaintiffs appear to be saying that the appointment of Pastor Rivers to be the minister at St. John's amounted to a fraudulent representation that Pastor Rivers was a qualified counselor for church members. That is not enough to state a cause of action for fraud.

IX.
For the reasons stated, we affirm the dismissal order in part, reverse it in part (including Mr. Dewaard's derivative claim for loss of consortium), and remand for further proceedings consistent herewith.
NOTES
[*] Indeed, the Doe v. Malicki decision can be read impliedly to reject the respondeat superior theory for it states the question as being "whether the defendants had reason to know of Father Malicki's misconduct and did nothing to prevent reasonably foreseeable harm from being inflicted upon the plaintiffs." Id. at 548. That theory of liability is one which is based on fault, not vicarious respondeat superior liability.